**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Everett L. Spillard, II | : | Case No. 3:10 CV 02234 |
| Plaintiff, | : | |
| v. | : | |
| Jim Dennis, et. al., | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Defendants. | : | |

Filed pursuant to 42 U. S. C. § 1983, the case was referred to the undersigned Magistrate for report and recommendation. Pending are Defendants' unopposed Motions for Summary Judgment (Docket Nos. 15 & 28). For the reasons that follow, the Magistrate recommends that the Court grant the Motion for Summary Judgment.

### I. THE PARTIES.

Plaintiff was an inmate at the Corrections Commission of Northwest Ohio (CCNO) in Stryker, Ohio, from September 3, 2009 until January 21, 2010 (Docket No. 1, p. 7 of 10).

Defendant Jim Dennis, an employee of the Ohio Department of Rehabilitation and Corrections (ODRC), was Executive Director at CCNO at all times relevant to this proceeding. Defendant Dennis is sued in his individual capacity only (Docket No. 1, p. 3 of 10).

Defendant Joseph Kraska, a licensed medical doctor, served as Medical Director at CCNO at all times relevant to this proceeding. Defendant Kraska is sued in his individual capacity only (Docket No. 1, p. 3 of 10).

Defendant Linda Shamburger served as Chief Medical Director at CCNO at all times relevant to this proceeding. Defendant Shamburger is sued in her individual capacity only (Docket No. 1, p. 3 of 10).

## II. FACTUAL BACKGROUND.

Plaintiff alleges the following facts in his Complaint.

On or about September 3, 2009, Plaintiff signed a form in which CCNO agreed to provide diabetic meals (Docket no. 1, p. 7 of 10). Despite numerous complaints which were not responded to by Defendant Dennis, Defendant Kraska, or Defendant Shamburger, Plaintiff was not served a diabetic meal while detained at CCNO (Docket No. 1, pp. 4 & 7 of 10). With one exception, Plaintiff received cold, unhealthy meals that promoted diabetes (Docket No. 1, pp. 7-8 of 10).

In addition to the meals, Defendant Kraska under the supervision of Defendant Shamburger prescribed medication designed to treat Plaintiff's diabetes (Docket No. 1, p. 4 of 10). The medication, prescribed at quadruple the usual dosage, adversely affected his health (Docket No. 1, p. 4 of 10). As a result of the medication or the failure to be given diabetic meals, Plaintiff suffered spikes in his blood sugar levels and numbness in his toes and feet (Docket No. 1, p. 7 of 10).

Defendant Shamburger and Defendant Kraska also administered the diabetic medication three to five hours after meals rather than with meals (Docket No. 1, p. 7 of 10). This caused multiple, continual spikes in blood sugar levels, pain and dizziness. Defendants failure to properly administer the medication subjected Plaintiff to substantial risk of significant injury, illness and even death (Docket No. 1, p. 5 of 10).

Neither Defendant Shamburger nor Defendant Kraska properly diagnosed Plaintiff with a MRSA infection(Docket No. 1, pp. 4 & 5 of 10). Consequently, Plaintiff was deprived of medical treatment by either Defendant Shamburger or Defendant Kraska, although Plaintiff notified them of the problems (Docket No. 1, p. 4 of 10). Refusal to treat the MRSA infection resulted in puss-oozing lesions on Plaintiff's head (Docket No. 1, p. 4 of 10).

Defendant Kraska also failed to obtain Plaintiff's medical records from Scripps Mercy San Diego (Docket No. 1, pp. 7 & 8 of 10). The medical records would have clarified the course of treatment for diabetes (Docket No. 1, p. 7 of 10).

### III. PROCEDURAL BACKGROUND.

Prior to filing the Complaint in the instant case, Plaintiff exhausted his administrative remedies. Plaintiff submitted two informal complaints regarding his medical condition while at CCNO to Defendants Shamburger and Dennis.

**A.  INFORMAL COMPLAINTS MADE TO DEFENDANTS.**

The first complaint, mailed to Defendant Shamburger, alleged that Plaintiff had been misinformed about being provided a diabetic meal, that he suffered life threatening consequences as a result of improper drug therapy and that the medical staff had mistreated and exhibited indifference with regard to his Methicillin-resistant Staphylococcus aureus (MRSA) infection (Docket No. 1, p. 7 of 10). He also informed Defendant Shamburger that correctional medical services had given him no response from a grievance form served upon them (Docket No. 1, p. 7 of 10).

On April 23, 2010, a second formal complaint, made to Defendant Dennis, alleged, too, that Plaintiff had been misinformed about diabetic meals, that his medication had been changed and

administered improperly resulting in numbness and that the medical staff had mistreated him and shown indifference with regard to his MRSA (Docket No. 1, p. 8 of 10). He also informed Defendant Dennis that correctional medical services had given him no response to a grievance form (Docket No. 1, p. 8 of 10)..

### B. RESPONSE BY DEFENDANT DENNIS

Defendant Dennis responded informally to Plaintiff on April 30, 2010, that (1) the medical care provided to Plaintiff at CCNO was thoughtfully considered by the staff at CCNO, (2) the large ulcer on his back had been successfully treated, (3) Plaintiff had refused to see a physician for the MRSA infection or sign the refusal form, (4) Plaintiff's medication was based on medical records obtained from the California facility where he was previously confined and that Plaintiff's blood sugar levels were well documented, and in fact, lowered, (5) the numbness in Plaintiff's legs was attributed to use of standard issue sandals and that no subsequent numbness was noted after Plaintiff was give shoes and (6) that in all of his complaints, Defendant Dennis did not recall a complaint of cold food. Finally, Defendant Dennis recounted that there were various requests made to CCNO staff that were accommodated, including a negotiation with Plaintiff for a combination vegetarian diabetic diet (Docket No. 1, p. 10 of 10).

### IV. MOTION FOR SUMMARY JUDGMENT STANDARD OF REVIEW.

Under FED. R. CIV. P. 56 (a), party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a) (Thomson Reuters

2011).  The court should state on the record the reasons for granting or denying the motion.  FED. R. CIV. P. 56(a) (Thomson Reuters 2011).

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Averill v. Gleaner Life Insurance Society*, 626 F. Supp.2d 756, 761 (N. D. Ohio 2009 (*citing Celotex Corporation v. Catrett,* 106 S. Ct. 2548, 2552 (1986)).  The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Id.* (*citing Celotex*, 106 S. Ct. at 2552-2553).  The burden shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial."  *Id*. (*citing Anderson v. Liberty Lobby, Incorporated,* 106 S. Ct. 2505, 2511 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  *Id*.  It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts."  *Id.* (*citing Matsushita Electric Industrial Company v. Zenith Radio Corporation,* 106 S. Ct. 1348, 1355 (1986)).  Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of concrete evidentiary material in support of its position.  *Id.* (*citing Celotex, supra,* 106 S. Ct. at 2553).

In deciding the motion for summary judgment, the evidence of the non-moving party will be believed as true, all doubts will be resolved against the non-moving party, all evidence will be construed in the light most favorable to the non-moving party, and all inferences will be drawn in the non-moving party's favor.  *Id.* (*citing Eastman Kodak Company v. Image Technical Services, Incorporated,* 112 S. Ct. 2072, 2076 (1992)).  Summary judgment shall be rendered only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

5

if any, show there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. *Id.* (*citing Celotex, supra,* 106 S. Ct. 2552).

### V. ANALYSIS OF THE MOTION FOR SUMMARY JUDGMENT.

Plaintiff initiated this lawsuit against CCNO employees including the managing officer, medical director, and chief medical director. Plaintiff seeks relief for violations of the Eighth Amendment. Defendants Dennis, Kraska, and Shamburger filed Motions for Summary Judgment.

In his Complaint, Plaintiff presents three claims, the remedies for which are provided under 42 U.S.C. §1983. First, Defendants Dennis, Kraska, and Shamburger, violated Plaintiff's right to due process by failing to provide a diabetic meal despite complaints. Second, Defendants Dennis, Kraska, and Shamburger violated Plaintiff's right to due process by ordering that he continue to take medication that was four times the amount previously prescribed and at improper times. Third, Defendants Kraska and Shamburger failed to treat the symptoms of MRSA.

In his Motion for Summary Judgment, Defendant Kraska argues that Plaintiff does not complain that he was not provided medical care. Plaintiff's complaint is that Defendant Kraska was somehow negligent in his diagnosis and treatment. This type of claim, Defendant Kraska argues, is not the subject of an Eighth Amendment claim. Defendant Kraska also argues that Plaintiff has proffered no evidence of harm as a result of any supposed failure to care.

Defendants Dennis, and Shamburger's combined Motion for Summary Judgment argue the same defenses as Defendant Kraska. In addition, they argue that Defendants Dennis and Shamburger were not personally participating in the deprivations alleged, promulgating the deprivations, or implementing policies that caused the deprivations alleged.

Section 1983 is the vehicle used to provide a remedy for constitutional violations committed by state actors. In order to prevail in a Section 1983 action, a plaintiff must establish that:

6

(1) the conduct complained of was committed by a person acting under color of state law, and
(2) this conduct deprived plaintiff of a right secured by the constitution.

*Moorer v. Copley Township*, 98 F. Supp.2d 838, 843 (N. D. Ohio 2000) (*citing Parratt v. Taylor,* 101 S. Ct. 1908, 1913-1914 (1981)).

The Eighth Amendment prohibits prison officials from "unnecessarily and wantonly inflicting pain" on prisoners by acting with "deliberate indifference" to prisoners' serious medical needs. *Flanory v. Bonn,* 604 F.3d 249, 253 (6th Cir. 2010) (*citing Blackmore v. Kalamazoo County,* 390 F.3d 890, 895 (6th Cir. 2004) (*quoting Estelle v. Gamble,* 97 S. Ct. 285, 291 (1976)). Failure to provide medical care may rise to the level of a violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment where objective and subjective requirements are met. *Id.* (*Harrison v. Ash*, 539 F.3d 510, 517-18 (6th Cir. 2008); *Farmer v. Brennan,* 114 S. Ct. 1970, 1976 (1994)).

To satisfy the objective component, the injury must be sufficiently serious. *Id*. (*citing Wilson v. Seiter,* 111 S. Ct. 2321, 2323 (1991) (stating that Eighth Amendment is implicated by the "unnecessary and wanton infliction of pain" and not "inadvertent failure to provide adequate medical care"); *Estelle, supra*, 97 S. CT. at 292 ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."); *Talal v. White,* 403 F.3d 423, 426 (6th Cir. 2005) (requiring that the prisoner demonstrate more than "mere discomfort or inconvenience").

In contrast, the subjective component requires a plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Phillips v. Roane County, Tennessee*, 534 F.3d 531, 540 (6th Cir. 2008) (*citing Comstock v. McCrary,* 273 F.3d 693, 703 (6th Cir. 2001) (*citing Farmer, supra*, 114 S. Ct. at 1978-1979). The subjective standard "is

7

meant to prevent the constitutionalization of medical malpractice claims," a plaintiff need not show that the officer acted with the specific intent to cause harm. *Id.* Deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk. *Id.* (*quoting Farmer,* 114 S. Ct. at 1978). Officials, of course, do not readily admit this subjective component, so "it [is] permissible for reviewing courts to infer from circumstantial evidence that a prison official had the requisite knowledge." *Id.* A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Stewart v. Taft*, 235 F. Supp. 2d 763, 771 (N. D. Ohio 2002) (*citing Estelle, supra*, 97 S. Ct. at 292).

Plaintiff, having filed no opposition, has not genuinely disputed the facts. Defendant Dennis averred that Plaintiff was provided competent medical care by the staff at CCNO. Defendant Dennis averred that Plaintiff was placed on a diet which restricted his access to high fat and high sugar food items. Overall, the treatment regimen was adequate (Docket No. 28, Exhibit 1, p. 2 of 26). Defendant Kraska also averred that at no time did any of the medical staff trivialize, mistreat or disregard Plaintiff's care. The medical records demonstrate that each and every medical need was addressed by the medical staff (Docket No. 28, Exhibit 2, pp. 1-3) Plaintiff has failed to demonstrate the presence of a sufficiently grave deprivation or that Defendants Dennis, Kraska and/or Shamburger consciously disregarded a substantial risk to his health or safety. Plaintiff has failed to proffer specific facts that show the existence of the objective and/or subjective components of a successful Eighth Amendment claim. All Defendants are entitled to summary judgment.

### VI. CONCLUSION

For these reasons, the Magistrate recommends that the Court grant Defendants' Motion for Summary Judgment, dismiss the Complaint and terminate the referral to the undersigned Magistrate.

<u>/s/Vernelis K. Armstrong</u>
United States Magistrate Judge

Date:   June 15, 2011

### VII. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.